## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JOSEPH RAYMOND ZIEGLER,

                Petitioner,                Case Number: 2:10-CV-12908

v.                                    HONORABLE NANCY G. EDMUNDS

KENNETH MCKEE,

                Respondent.

_____/

## OPINION AND ORDER DISMISSING PETITION FOR WRIT
## OF HABEAS CORPUS WITHOUT PREJUDICE AND
## DENYING CERTIFICATE OF APPEALABILITY

This matter is before the Court on Joseph Raymond Ziegler's *pro se* petition for a writ of habeas corpus.  Ziegler, who is presently released on parole, challenges his conviction for assaulting, battering, obstructing or opposing a police officer performing his duties (resisting arrest).  The petition raises a claim that has not been exhausted in state court and, therefore, will be dismissed without prejudice.

## I.

Following a jury trial in the Oakland County circuit Court, Ziegler was convicted of resisting arrest.  Mich. Comp. Laws § 750.81d.  On April 11, 2007, he was sentenced as a fourth habitual offender to two to fifteen years in prison.

Ziegler filed an appeal of right in the Michigan Court of Appeals.  He raised these claims:

I.      Mr. Ziegler claims he received ineffective assistance of counsel by counsel's failure to assist him in the preparation and execution of the trial.

II.     Mr. Ziegler asserts that his waiver of the right to appointment of counsel was not done knowingly, intelligently and voluntarily, and that his representation in pro per violated his right to a fair trial and to equal protection under the U.S. Constitution and the Constitution of the State of Michigan.

III.    Mr. Ziegler was denied his state and federal constitutional rights of due process, equal protections, and of a fair trial by the court's rulings which did not allow him to present his defenses.

IV.     Mr. Ziegler asserts he was the victim of vindictive prosecution in this case.

V.      Mr. Ziegler asserts there was prosecutorial misconduct in this case which violated his rights of equal protection and of having a fair trial as guaranteed by the U.S. and State Constitutions.

VI.     The court's instructions to the jury were improper, violating defendant's federal and state constitutional rights of due process and fair trial.

VII.    The cumulative effect of the errors and violations of due process prejudiced defendant's right to a fair trial.

VIII.   Defendant asserts that his conviction was against the great weight of the evidence and must be reversed.

IX.     Defendant's sentence was invalid where it was not individualized.

The Michigan Court of Appeals affirmed the conviction. *People v. Ziegler*, No.

278270 (Mich. Ct. App. Jan. 22, 2009).

Ziegler filed an application for leave to appeal in the Michigan Supreme Court.

He raised the same claims raised in the Michigan Court of Appeals. The Michigan

Supreme Court denied leave to appeal, *People v. Ziegler,* 484 Mich. 868 (Mich. Aug. 6,

2009), and denied Ziegler's motion for reconsideration. *People v. Ziegler*, 485 Mich. 931

2

(Mich. Oct. 26, 2009).

Ziegler then filed the pending habeas petition.  He raises these claims:

I.      State courts' denials conflict with federal law as determined by U.S.
        Supreme Court, and Petitioner was denied to effective assistance of trial
        counsel.

II.     State courts' denials conflict with federal law as determined by the U.S.
        Supreme Court, and self representation was not done knowingly,
        intelligently, and voluntarily.

III.    State courts' denials conflict with federal law as determined by the U.S.
        Supreme Court, and Petitioner was denied his rights to due process, equal
        protection, and a fair trial by trial court denying him his right to present
        defenses.

IV.     State courts' denials conflict with federal law as determined by the U.S.
        Supreme Court, and Petitioner was denied rights to due process and fair
        trial by being victim of vindictive prosecution.

V.      State courts' denials conflict with federal law as determined by the U.S.
        Supreme Court, and Petitioner was denied right to due process, equal
        protection, and a fair trial due to prosecutorial misconduct.

VI.     State courts' denials conflict with federal law as determined by the U.S.
        Supreme Court, and Petitioner was denied rights to due process and a fair
        trial due to cumulative effects of all errors.

VII.    State courts' denials conflict with federal law as determined by the U.S.
        Supreme Court, and conviction was against the great weight of evidence in
        violation of due process and a fair trial.

VIII.   State courts' denials conflict with federal law as determined by the U.S.
        Supreme Court, and sentence is invalid since it was not individualized in
        violation of due process, equal protection and fair trial.

## II.

Respondent argues that the petition should be dismissed because the petition raises an unexhausted claim.  A federal court may not grant habeas corpus relief to a state prisoner unless the prisoner first exhausts his remedies in state court.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  "Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations."  *Prather v. Rees*, 822 F.2d 1418 (6th Cir. 1987).  "This rule of comity reduces friction between the state and federal court systems by avoiding the unseemliness of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance."  *O'Sullivan,* 526 U.S. at 845 (internal quotation omitted).  Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement.  *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009).  The petitioner bears the burden of establishing exhaustion.  *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Ziegler's claim that his sentence was increased in retaliation for exercising his right to a jury trial was not raised in the Michigan Court of Appeals or the Michigan Supreme Court.  Therefore, it is not properly exhausted.

The Michigan Court Rules provide a process through which Ziegler may raise his unexhausted claim.  He may file a motion for relief from judgment pursuant to Mich. Ct. R. 6.500 *et seq.*  Ziegler may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court.  To

4

obtain relief, he will have to show cause for failing to raise his unexhausted claim on direct review and resulting prejudice or a significant possibility of innocence.  *See* Mich. Ct. R. 6.508(D)(3).  However, he would have to make a similar showing here if the Court concluded that there was no state remedy to exhaust.  *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Hannah v. Conley*, 49 F.3d 1193, 1195-96, n.3 (6th Cir. 1995); *Rust*, 17 F.3d at 160.  Ziegler's unexhausted claim should be addressed to, and considered by, the state courts in the first instance.

In dismissing a petition without prejudice, a district court must not "'jeopardize the timeliness of a collateral attack.'"  *Palmer v. Carlton*,  276 F.3d 777, 781 (6th Cir. 2002), *quoting Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001).  To avoid jeopardizing the timeliness of a future petition, the Court shall dismiss the petition without prejudice and the one-year limitations period shall be tolled from the date Ziegler filed his petition, July 19, 2010, until he returns to federal court.  *Hargrove v. Brigano*, 300 F.3d 717, 719-721 (6th Cir. 2002) (approving safeguards adopted here). The tolling of the limitations period is conditioned upon Ziegler "pursu[ing] his state remedies within thirty days of [this court's Order] and return[ing] to federal court within thirty days of exhausting his state remedies."  *Id.* at 718.

### III.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.  Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or

deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition should be dismissed without prejudice. Therefore, the Court denies a certificate of appealability.

## IV.

For the reasons stated, the Court concludes that Petitioner has not exhausted his state court remedies. Accordingly, the petition for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE and a certificate of appealability is DENIED.

SO ORDERED.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: November 1, 2011


I hereby certify that a copy of the foregoing document was served upon counsel of record on November 1, 2011, by electronic and/or ordinary mail.

6

s/Carol A. Hemeyer
Case Manager